UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 5, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Carlos F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
       Civil No. 22-2049-BAH

Dear Counsel:

On August 15, 2022, Plaintiff Carlos F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 7), the parties' cross-motions for summary judgment[1] (ECFs 8 and 10), and Plaintiff's reply (ECF 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on June 23, 2020, alleging a disability onset of November 7, 2019. Tr. 237–43. Plaintiff's claim was denied initially and on reconsideration. Tr. 67–84, 86–94. On September 15, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 39–64. Following the hearing, on November 18, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18–38. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Here, because both parties' filings are docketed as motions for summary judgment, the Court will refer to them as such.

[2] 42 U.S.C. §§ 301 et seq.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 7, 2019. Tr. 24. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical spine arthritis, degenerative disc disorder, degenerative disc disease, mood disorder, anxiety disorder, and major depressive disorder." *Id.* (citation omitted). The ALJ also determined that Plaintiff suffered from the non-severe impairments of "a hiatal hernia, hypertension, hyperlipidemia, small vessel ischemia, and epilepsy." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders/ropes/scaffolds. The claimant can occasionally balance, and he can occasionally climb ramps/stairs. The claimant can have no exposure to hazards such as moving machinery and unprotected heights. The claimant can perform simple and routine tasks in a setting with no fast-paced production work, such as on an assembly line or that carries strict quotas or deadlines. The claimant can perform non-tandem work where the task completion of one does not depend upon the task completion of others.

Tr. 27. The ALJ determined that Plaintiff was unable to perform past relevant work as a safety inspector (DOT[3] #168.264-014) or human resource assistant (DOT #209.362-026) but could

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Carlos F. v. Kijakazi*
Civil No. 22-2049-BAH
May 5, 2023
Page 3

perform other jobs that existed in significant numbers in the national economy. Tr. 31–32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33.

### III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises six arguments on appeal, specifically that the ALJ: (1) failed to properly evaluate a medical source statement by his attending physician, Dr. Kenneth Kudelko; (2) failed to provide a sufficient RFC assessment; (3) mischaracterized his activities of daily living; (4) failed to discuss his strong work history; (5) failed to properly evaluate the medical opinions of his attending neurologist, Dr. Gregory Mathews; and (6) failed to sufficiently assess an impairment diagnosed by Dr. Mathews. ECF 8-1, at 17–28. Defendant counters that: (1) the ALJ properly assessed Dr. Kudelko's opinion; (2) the ALJ's RFC assessment adequately accommodated Plaintiff's impairments; (3) the ALJ adequately considered Plaintiff's activities of daily living; (4) the ALJ adequately considered Plaintiff's work history; and (5) Plaintiff failed to establish that the "impairment" referenced by Dr. Mathews was medically determinable.[4] ECF 10-1, at 5–20.

The Court begins by examining one of Plaintiff's arguments regarding the medical source statement of his attending physician, Dr. Kudelko, as it finds this argument dispositive. *See* ECF 8-1, at 18–19. Plaintiff contends that the ALJ's analysis of Dr. Kudelko's opinion constituted error because, among other reasons, the "ALJ conflated the factors of 'consistency' and 'supportability,'" both of which an ALJ must consider under 20 C.F.R. § 404.1520c. *Id.* at 18. Specifically, Plaintiff avers that the ALJ "failed to sufficiently address the 'supportability' factor as required by 20 C.F.R. § 404.1520c(c)(1)." *Id.* at 19. Upon careful review of the ALJ's decision and the entire record, I agree with Plaintiff that remand is warranted on this basis.

"For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*,

---

[4] Defendant does not respond to Plaintiff's argument that the ALJ failed to properly evaluate Dr. Mathews's medical opinions. *See generally* ECF 10-1.

Civ. No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 404.1520c).  An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id*. (citing 20 C.F.R. § 404.1520c(b)).  Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions.  *Id*. (citing 20 C.F.R. § 404.1520c(b)(2)).  Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision."  *Id*.  Supportability generally refers to "the objective medical evidence and supporting explanations presented by a medical source[.]"  *Id*. (citing 20 C.F.R. § 404.1520c(c)(1)).  Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

"Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, Civ. No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022).  As such, this Court has noted that supportability must be considered independently from consistency.  *See Duane H. v. Kijakazi*, Civ. No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors.").

Here, the ALJ concluded that Dr. Kudelko's June 7, 2021, assessment of Plaintiff had "no persuasive value." Tr. 30.  While Dr. Kudelko found Plaintiff unable to function in "understanding and remembering very short, simple instructions, maintaining attention for two-hour segments, making simple work-related decisions, getting along with coworkers or peers, and dealing with normal work stress," the ALJ found his assessment to lack persuasiveness because it was "not consistent with or supported by the objective medical evidence."  *Id.*  The ALJ further stated that Dr. Kudelko's conclusions were "not supported by the evidence of record [because] Dr. Kudelko's February 2021 medical records showed that the claimant was alert, attentive, and intact to conversation.  Likewise, during the March 2021 telehealth visit [with Dr. Kudelko], the claimant's mental status examination indicated that he was alert and attentive." *Id.* (citations omitted).

While the ALJ made explicit findings regarding the assessment's consistency with other record evidence, she did not similarly consider the assessment's "supportability" as required under 20 C.F.R. § 404.1520c(c)(1).  Instead, the ALJ appears to have found that the assessment lacked supportability because it was inconsistent with two of Dr. Kudelko's previous assessments.  Tr. 30.  But this analysis sheds no light on whether the explanations and evidence provided by Dr. Kudelko in his June 7, 2021, medical source statement supported the statement's conclusions.  *See* 20 C.F.R. § 404.1520c(c)(1).  Indeed, while Dr. Kudelko notes in his June 7, 2021, medical source

statement that he has treated Plaintiff "since 2011," he makes no reference to any of his previous assessments in this document. Tr. 916–20. Thus, it is unclear how the ALJ could have evaluated Dr. Kudelko's supporting explanations based on information that was not contained in those explanations.

Moreover, Dr. Kudelko's medical source statement appears to base its conclusions regarding Plaintiff's limitations upon Dr. Kudelko's observations of Plaintiff's cognitive side effects. *See* Tr. 916 (stating, in part, that Plaintiff experiences "debilitating cognitive side effects manifested by severe anxiety, insomnia, memory loss, [and] speech disturbance"). But the ALJ failed to assess this part of Dr. Kudelko's medical source statement and, other than by referencing Dr. Kudelko's unrelated previous findings, made no attempt to assess the supportability of the medical source statement. Given this, the ALJ's decision fails to adequately address, as it must, "the objective medical evidence and supporting explanations presented by" Dr. Kudelko. *See* 20 C.F.R. § 404.1520c(c)(1). Such error is not harmless—had the ALJ properly evaluated Dr. Kudelko's opinion, she may have found Plaintiff more limited, which may have changed the ultimate disability determination in this case. Remand is thus required.

On remand, the ALJ should explicitly assess the supportability of Dr. Kudelko's June 7, 2021, medical source statement pursuant to 20 C.F.R. § 404.1520c(c)(1). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 8, is DENIED and Defendant's motion for summary judgment, ECF 10, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge